MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
GERARDO PEREZ and VICTOR HUGO
CASARRUBIASBUSTAMANTE, *individually*
*and on behalf of others similarly situated,*

*Plaintiffs*,

-against-

THE HUMMUS & PITA CO. FRANCHISING,
LLC (D/B/A THE HUMMUS & PITA), THE
HUMMUS & PITA COMPANY, INC. (D/B/A
THE HUMMUS & PITA), THE HUMMUS &
PITA COMPANY LLC (D/B/A THE
HUMMUS & PITA), HUPICO LLC (D/B/A
THE HUMMUS & PITA), HUMMUS &
PITAS NYC LLC (D/B/A THE HUMMUS &
PITA), DAVE PESSO, STEVEN PESSO,
JANICE AXELROD, CHRISTINA DOE, and
KAREN DOE,

*Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b) AND RULE 23**
**CLASS ACTION**

**ECF Case**

Plaintiffs Gerardo Perez and Victor Hugo Casarrubias Bustamante , individually and on

behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against The Hummus

& Pita Co. Franchising, LLC (d/b/a The Hummus & Pita), The Hummus & Pita Company, Inc.

(d/b/a The Hummus & Pita), The Hummus & Pita Company LLC (d/b/a The Hummus & Pita),

Hummus & Pitas NYC LLC (d/b/a The Hummus & Pita), ("Franchisor Defendant Corporations"),

Hupico LLC (d/b/a The Hummus & Pita), ("Franchisee Defendant Corporation), (collectively,

"Defendant Corporations"), Dave Pesso, Steven Pesso, Janice Axelrod, Christina Doe, and Karen Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants The Hummus & Pita Co. Franchising, LLC (d/b/a The Hummus & Pita), The Hummus & Pita Company, Inc. (d/b/a The Hummus & Pita), The Hummus & Pita Company LLC (d/b/a The Hummus & Pita), Hupico LLC (d/b/a The Hummus & Pita), Hummus & Pitas NYC LLC (d/b/a The Hummus & Pita), Dave Pesso, Steven Pesso, Janice Axelrod, Christina Doe, and Karen Doe.

2.      Franchisee Defendant Corporation and Individual Defendants are franchised to operate The Hummus & Pita under contract with the Franchisor Defendant Corporations.

3.      Franchisee Defendant Corporation and Individual Defendants own, operate, or control a Falafel cuisine restaurant, located at 79 Chambers St, New York, NY 10007 under the name "The Hummus & Pita."

4.      Upon information and belief, individual Defendants Dave Pesso, Steven Pesso, Janice Axelrod, Christina Doe, and Karen Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

5.      Plaintiffs were employed as delivery workers at the restaurant located at 79 Chambers St, New York, NY 10007.

6.      Plaintiffs were ostensibly employed as delivery workers. However, they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to cutting beets, cleaning bathrooms and the restaurant, cleaning the tables and chairs, sweeping and mopping, preparing orders, cleaning the refrigerator, taking out trash,

packing for deliveries, cleaning the food machine, and preparing food (hereafter the "non-tipped duties").

7.     At all times relevant to this Complaint, Plaintiffs worked for Franchisee Defendant Corporation and Individual Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

8.     Rather, Franchisee Defendant Corporation and Individual Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.     Further, Franchisee Defendant Corporation and Individual Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

10.     Franchisee Defendant Corporation and Individual Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Franchisee Defendant Corporation and Individual Defendants paid Plaintiffs at the lowered tip-credited rate.

12.     However, under both the FLSA and NYLL, Franchisee Defendant Corporation and Individual Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Franchisee Defendant Corporation and Individual Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed

Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them above the tip-credit rate, but below the minimum wage.

14.   Upon information and belief, Franchisor Defendant Corporations knew or should have known of the work performed by Plaintiffs and similarly situated employees and/or knew or should have known of the unlawful policies requiring Plaintiffs and other employees to work without providing the minimum wage, overtime compensation, and spread of hours pay required by federal and state law and regulations; and, upon information and belief, Franchisor Defendant Corporations had the power to stop the work and/or violations, but did not do so.

15.   In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

16.   Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

17.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

18.   Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

19.    Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

21.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Falafel cuisine restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

22.    Plaintiff Gerardo Perez ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Kings County, New York. Plaintiff Perez was employed by Defendants at The Hummus & Pita from approximately September 2015 until on or about October 12, 2017.

23.    Plaintiff Victor Hugo Casarrubias Bustamante ("Plaintiff Casarrubias" or "Mr. Casarrubias") is an adult individual residing in New York County, New York. Plaintiff Casarrubias was employed by Defendants at The Hummus & Pita from approximately March 2014 until on or about July 2015.

*Franchisor Defendant Corporations*

24.   At all relevant times, Defendants owned, operated, or controlled a Falafel cuisine restaurant, located at 79 Chambers St, New York, NY 10007 under the name "The Hummus & Pita."

25.   Upon information and belief, The Hummus & Pita Co. Franchising, LLC (d/b/a The Hummus & Pita) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 79 Chambers St, New York, NY 10007

26.   Upon information and belief, The Hummus & Pita Company, Inc. (d/b/a The Hummus & Pita) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 79 Chambers St, New York, NY 10007.

27.   Upon information and belief, The Hummus & Pita Company LLC (d/b/a The Hummus & Pita) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 79 Chambers St, New York, NY 10007.

28.   Upon information and belief, Hummus & Pitas NYC LLC (d/b/a The Hummus & Pita) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 79 Chambers St, New York, NY 10007.

*Franchisee Defendant Corporation*

29.     Upon information and belief, Hupico LLC (d/b/a The Hummus & Pita) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 79 Chambers St, New York, NY 10007.

*Individual Defendants*

30.     Defendant Dave Pesso is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dave Pesso is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Dave Pesso possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.     Defendant Steven Pesso is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Steven Pesso is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Steven Pesso possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.     Defendant Janice Axelrod is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Janice Axelrod is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant

Janice Axelrod possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

33.   Defendant Christina Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Christina Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Christina Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

34.   Defendant Karen Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Karen Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Karen Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

35.   Franchisee Defendant Corporation and Individual Defendants operated a Falafel cuisine restaurant located in the Tribeca neighborhood of Manhattan in New York City.

- 8 -

36.   Individual Defendants, Dave Pesso, Steven Pesso, Janice Axelrod, Christina Doe, and Karen Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

37.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

38.   Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

39.   Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

40.   In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

41.   Upon information and belief, Franchisor Defendant Corporations grant franchises to operate the Hummus & Pita in New York and gran sublicenses to use the Hummus & Pita trademarks.

42.   Facts which demonstrate that Franchisor Defendant Corporations were Plaintiffs' employers include:

    a)   Defendants suffered or permitted Plaintiffs and similarly situated employees to work;

    b)   Defendants acted directly or indirectly in the interest of another in relation to Plaintiffs and similarly situated employees;

c) Defendants had an economic interest in the Hummus & Pita location in which Plaintiffs and similarly situated employees worked;

d) Defendants simultaneously benefitted from Plaintiffs' work;

e) Defendants had either functional and/or formal control over terms and conditions of work of Plaintiffs and similarly situated employees;

f) Plaintiffs and similarly situated employees performed work integral to each Defendant's operation.

43. Upon information and belief, Individual Defendants Dave Pesso, Steven Pesso, and Janice Axelrod operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

44. At all relevant times, Franchisee Defendant Corporation and Individual Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Franchisee Defendant Corporations and Individual Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

45. Upon information and belief, Franchisor Defendant Corporations run a business dependent on their franchise and corporate-owned store selling and delivering food based on a prescribed mode. As such, upon information and belief, Plaintiffs' work was integral to Franchisor Defendant Corporations' operations.

46. Upon information and belief, Franchisor Defendant Corporations coordinated certain customer service options for all restaurants, corporate and franchise owned. For example, Franchisor Defendant Corporations have a central research and development team to create new products for the Hummus & Pita, www.hummusandpitas.com.

47. Upon information and belief, Franchisor Defendant Corporations maintained control over many aspects of Franchisee Defendants' operations. For example, upon information and belief, the Hummus & Pita must conform to standard layout requirements. In addition, upon information and belief, Hummus & Pita guided Franchisees on how to hire and train employees, as well as materials giving directions to employees as to how to perform their jobs.

48. Upon information and belief, through its franchise agreement and in other ways, Franchisor Defendant Corporations set requirements for the operation of Franchisee Defendants

and enforced those requirements, in particular, requirements related to the work of Plaintiffs and similarly situated employees. The requirements include, but are not limited to, monitoring employee performance, specifying equipment, uniforms, and supplies for the use of Plaintiffs and other similarly situated employees, and specifying the methods and procedures Plaintiffs and other similarly situated employees use in preparing customer orders.

49.   Upon information and belief, through these requirements, Franchisor Defendant Corporations had the authority and exercised the authority to control, directly or indirectly, the work of Plaintiffs and similarly situated employees.

50.   Upon information and belief, the Franchisor Defendant Corporations had the authority to require that Franchisee Defendants employ recordkeeping of the operations of Franchisee Defendant Corporation and Individual Defendants, including systems for tracking hours and wages and for retaining payroll records.

51.   Upon information and belief, these recordkeeping systems required by Franchisor Defendant Corporations were an instrument through which unlawful policies, patters, and/or practices in this case were implemented.

52.   Upon information and belief, Franchisor Defendant Corporations had the right to inspect the facilities and operations of Franchisee Defendant Corporation and Individual Defendants.

53.   Upon information and belief, Franchisor Defendant Corporations had the right to audit all Franchisee Defendant Corporation's and Individual Defendants' records.

54.   Upon information and belief, Franchisor Defendant Corporations had the authority to control, directly or indirectly, the timekeeping and payroll practices of Franchisee Defendant Corporation and Individual Defendants.

55.    Upon information and belief, Franchisor Defendant Corporations knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of Plaintiffs and similarly situated employees through the monitoring of Franchisee Defendant Corporation and Individual Defendants.

56.    Franchisor Defendant Corporations could have terminated the franchise agreements of Franchisee Defendant Corporation and/or Individual Defendants and caused Franchisee Defendant Corporation and/or Individual Defendants to cease operation of the franchise restaurants under certain circumstances, including in the event of violations of the law. Thus, upon information and belief, Franchisor Defendant Corporations had the authority to stop violations of the labor law and, ultimately, to control the employment of Plaintiffs and similarly situated employees, including but not limited to, causing the termination of their employment. Moreover, Franchisor Defendant Corporations had the power to induce compliance with applicable wage and hour laws by threatening to terminate a franchise agreement.

57.    In each year from 2014 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

58.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

59.    Plaintiffs are former employees of Defendants who ostensibly were employed as delivery workers. However, they spent over 20% of each shift performing the non-tipped duties described above.

60.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Gerardo Perez*

61.     Plaintiff Perez was employed by Defendants from approximately September 2015 until on or about October 12, 2017.

62.     Defendants ostensibly employed Plaintiff Perez as a delivery worker.

63.     However, Plaintiff Perez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

64.     Although Plaintiff Perez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

65.     Plaintiff Perez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

66.     Plaintiff Perez's work duties required neither discretion nor independent judgment.

67.     Throughout his employment with Defendants, Plaintiff Perez regularly worked in excess of 40 hours per week.

68.     From approximately September 2015 until on or about October 12, 2017, Plaintiff Perez worked from approximately 10:00 a.m. until on or about 11:00 p.m., Mondays through Thursdays and from approximately 10:00 a.m. until on or about 12:00 a.m., on Fridays (typically 66 hours per week).

69.     Throughout his employment, Defendants paid Plaintiff Perez his wages in a combination of check and cash.

70.     From approximately September 2015 until on or about December 2015, Defendants paid Plaintiff Perez a fixed salary of $426per week  ($226 by check and $200 in cash) .

- 14 -

71.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Perez a fixed salary of $500 per week ($300 by check and $200 in cash).

72.    From approximately January 2017 until on or about October 12, 2017, Defendants paid Plaintiff Perez a fixed salary of $680 per week ($480 by check  and $200 in cash).

73.    Plaintiff Perez was never notified by Defendants that his tips were being included as an offset for wages.

74.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Perez's wages.

75.    Defendants required Plaintiff Perez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

76.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

77.    Defendants did not provide Plaintiff Perez an accurate statement of wages, as required by NYLL 195(3).

78.    In fact, Defendants adjusted Plaintiff Perez's paystubs so that they reflected inaccurate hours worked.

79.    Defendants did not give any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

80.    Defendants required Plaintiff Perez to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a lock, two pairs of lights, two pairs of tires, one pair of brakes.

*Plaintiff Victor Hugo Casarrubias Bustamante*

81.    Plaintiff Casarrubias was employed by Defendants from approximately March 2014 until on or about July 2015.

82.    Defendants ostensibly employed Plaintiff Casarrubias as a delivery worker.

83.    However, Plaintiff Casarrubias was also required to spend a significant portion of his work day performing the non-tipped duties described above.

84.    Although Plaintiff Casarrubias ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

85.    Plaintiff Casarrubias regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

86.    Plaintiff Casarrubias's work duties required neither discretion nor independent judgment.

87.    Throughout his employment with Defendants, Plaintiff Casarrubias regularly worked in excess of 40 hours per week.

88.    From approximately March 2014 until on or about May 2014, Plaintiff Casarrubias worked from approximately 11:00 a.m. until on or about 11:00 p.m., 5 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., 1 day a week (typically 71 hours per week).

89.    From approximately May 2014 until on or about July 2015, Plaintiff Casarrubias worked from approximately 11:00 a.m. until on or about 11:00 p.m., 5 days a week (typically 60 hours per week).

90.    Throughout his employment, Defendants paid Plaintiff Casarrubias his wages by check.

91.     From approximately May 2014 until on or about July 2015, Defendants paid Plaintiff Casarrubias $5.65 per hour.

92.     Plaintiff Casarrubias was never notified by Defendants that his tips were being included as an offset for wages.

93.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Casarrubias's wages.

94.     Defendants withheld a portion of Plaintiff Casarrubias's tips; specifically, Defendants pocketed a portion of all the tips customers paid him (approximately $200 per week).

95.     Plaintiff Casarrubias was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

96.     At the beginning of his employment, Defendants required Plaintiff Casarrubias to sign a document, the contents of which he was not allowed to review in detail.

97.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Casarrubias regarding overtime and wages under the FLSA and NYLL.

98.     Defendants did not provide Plaintiff Casarrubias an accurate statement of wages, as required by NYLL 195(3).

99.     Defendants did not give any notice to Plaintiff Casarrubias, in English and in Spanish (Plaintiff Casarrubias's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

100.     Defendants required Plaintiff Casarrubias to purchase "tools of the trade" with his own funds—including three bicycles.

*Defendants' General Employment Practices*

101.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

102.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

103.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

104.    Defendants required Plaintiffs and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

105.    Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

106.    Plaintiffs' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

107.    Plaintiffs and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

108.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

109.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

110.    In violation of federal and state law as codified above, Defendants classified Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

111.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

112.    Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

113.    Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers for the tips they received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Perez worked.

114.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

115.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

116.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

117.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

118.    Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

119.    Defendants paid Plaintiffs their wages in a combination of check and cash, or by check.

120.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

121.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

122.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

123.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

124.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

125.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

126.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who

are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

127.    At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

128.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

129.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

130.    Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

131.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

132.    There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

133.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

134.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

135.    The common questions of law and fact predominate over questions affecting only individual members.

136.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

137.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

138.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

139.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

140.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

141.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

142.  Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

143.  Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

144.  Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

145.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.  Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

147.  Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

148.  Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

149.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.  At all times relevant to this action, Defendants were Plaintiffs'(and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their

employment, and determined the rates and methods of any compensation in exchange for their employment.

151.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

152.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

153.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

154.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

155.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs' overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

156.    Defendants' failure to pay Plaintiffs' overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

157.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

158.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

159.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

160.    Defendants' failure to pay Plaintiffs' an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

161.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

162.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

163.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

164.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

165.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

166.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

167.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

168.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

169.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

170.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

171.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

172.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

173.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

174.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

175.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

176.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and members of the FLSA and Rule 23 Class compensation,

hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       October 31, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:       /s/ Michael Faillace     
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

December 7, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Gerardo Perez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 *GERARDO PEREZ*

Date / Fecha:                      7 de Diciembre, 2017

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

October 10, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Victor Hugo Casarrubias Bustamante

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               10 de octubre 2018

*Certified as a minority-owned business in the State of New York*