# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165
_____

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

November 8, 2019

**VIA ECF**

Honorable Valerie E. Caproni
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

    Re: <u>Villatoro et al v. The Hummus & Pita Company, Co. Inc. et al</u>
       Case No. 17-cv-06701 (VEC) (JLC)

       <u>Perez, et al. v. The Hummus & Pita Co., Inc., et al.</u>
       Case No.: 18-cv-10108 (VEC) (JLC)

Your Honor,

  This firm represents the Plaintiffs Bilelio Villatoro, Daniel Silva Garcia, Gerardo Perez, and Victor Hugo Cassarubias Bustamante ("Plaintiffs") in the above-referenced matter. Plaintiffs write jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as <u>Exhibit A</u>.

  Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice against these Defendants, in exchange for consideration as set forth in the Agreement. The Agreement is the result of several months of arms-length bargaining between the Parties, and was reached at a mediation through the Court's mediation program. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims against all the Parties asserted in this case as outlined more specifically in the attached Agreement.

Hon. Valerie E. Caproni
November 8, 2019

The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

**Background**

Plaintiff Bilelio Villatoro alleged he was employed by Defendants as a cook, although Defendants claimed he was a Manager. Plaintiffs Daniel Silva Garcia, Gerardo Perez, and Victor Hugo Cassarubias Bustamante were employed by Defendants ostensibly as delivery workers, but allege they had additional non-delivery, non-tipped duties, such as cleaning the restaurant.

Plaintiff Bilelio Villatoro alleged worked for The Hummus & Pita Co. from January 2014 until on or about December 2015. From January 2014 until on or about December 2015, Villatoro alleged he regularly worked 72 hours per week and was paid a fixed salary of $750. He received part of his weekly pay by check and part in cash. Mr. Villatoro received yearly salary increases up to $900 per week by the end of his employment with Hummus & Pita.

Plaintiff Daniel Silva Garcia worked for The Hummus & Pita Co. from August 2011 until on or about February 2016. From August 2011 until on or about January 2013, Silva alleged he regularly worked 72 hours per week. From February 2013 until on or about February 2016 Silva alleged he regularly worked 60 hours per week. From approximately August 2011 until on or about April 2014, Silva was paid $5.15 per hour, from approximately May 2014 until on or about December 2015, Silva was paid $5.65 per hour and from approximately January 2016 until on or about February 2016, Silva was paid $7.50 per hour. Plaintiff Silva alleged he was only paid for some, and not all, of his work hours.

Hon. Valerie E. Caproni
November 8, 2019

Plaintiff Gerardo Perez worked for The Hummus & Pita Co. from September 2015 until on or about October 2017. Plaintiff Perez alleged he worked approximately 66 hours per week and was paid a fixed weekly salary of $426 per week from September 2015 to December 2015, $500 per week in 2016, and $680 per week in 2017, all paid in a combination of cash and check.

Plaintiff Victor Hugo Cassarubias Bustamante worked for The Hummus & Pita Co. from March 2014 until on or about July 2015. Cassarubias alleged he worked approximately 71 hours per week from March 2014 through May 2014, and worked approximately 60 hours per week for the rest of his employment. Cassarubias was paid $5.65 per hour, but alleged he was not paid for all the hours he worked each week.

Plaintiffs therefore brought this action seeking to recover unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., overtime wage orders of the New York Commission of Labor codified at N.Y. Comp Codes R. & Regs. Tit. 12, § 146-1.6, and the N.Y. Lab. Law § 190 et seq. Plaintiffs also sought statutory damages for violations of the wage notice and wage statement provisions in New York Labor Law § 195.

Defendants dispute Plaintiffs' claims. As to plaintiff Villatoro, Defendants' position is that based on the duties Mr. Villatoro performed as a Manager and the salary he was paid, plaintiff Villatoro was properly classified as exempt from the overtime requirements under the Fair Labor Standards Act ("FLSA") and applicable New York State law. Defendants also dispute the purported hours worked and pay received by the other Plaintiffs. In discovery, Defendants produced time records and payroll records to support payments made to these Plaintiffs. While Plaintiffs dispute the accuracy of these records, Defendants believe that the evidence would

50714950;1

Hon. Valerie E. Caproni
November 8, 2019

support that they are accurate. Moreover, Defendants deny that these Plaintiffs performed any non-tipped work for more than 20% of their workweek, or more than 2 or more hours per day. Furthermore, the Individual Defendants named in this lawsuit deny that they are Plaintiffs' "employer" under the FLSA or NYLL.

Additionally, Defendants provided documentation of their limited resources to withstand a substantial judgment and/or pay a more substantial settlement. After weighing the risks of trial and costs of further litigation, the parties have reached an agreement to avoid those uncertainties and further expense in moving forward with motions for summary judgment and/or trial.

**Settlement**

The parties have agreed to settle this action for the total sum of Two Hundred and Twenty Five Thousand Dollars ($225,000.00) which will be paid over 36 monthly installments of $6,250 each, as outlined in **Exhibit A**. Plaintiffs estimated that, in a best case scenario, they would be entitled to approximately $660,000, of which approximately $225,000 would equal their minimum and overtime base damages. However, if Defendants were to succeed in defending against some of Plaintiffs' allegations, they estimate that Plaintiffs would be entitled to a minor amount or nothing at all.

$148,621.60 of the settlement amount will be paid to the Plaintiffs. The remaining $76,378.40 will be applied as attorneys' fees and costs.

The settlement includes a unique provision whereby if Defendants default on their payment obligation, and fail to cure within the permitted time of ten business days, Plaintiffs have the option of either: (1) enforcing confessions of judgment against Defendants The Hummus and Pita Company, Inc. and Hupico LLC for 1.5 times the remaining balance of the settlement amount, or (2) reinstating the claims that have been asserted in this action in their entirety against all

50714950;1

Hon. Valerie E. Caproni
November 8, 2019

Defendants.[1]  This is a highly material term of the agreement, and the parties' agreement is conditioned upon the Court's continuing the exercise jurisdiction over the action for the purpose of potential reinstatement of the action.  This was agreed to by the parties as a means of resolving a dispute over which Defendants were to be liable for the settlement payments under the agreement.  Defendants' position was that only The Hummus and Pita Company, Inc. and Hupico LLC would be liable for any payments, while Plaintiffs had insisted that all Defendants be liable for the settlement payments.  With this assistance of Magistrate Judge Cott, as a compromise of this dispute the parties agreed to the current structure, whereby only The Hummus and Pita Company, Inc. and Hupico LLC are liable for the settlement payments, but if there is an uncured default within the first 33 installments Plaintiff can reinstate the action in its entirety against all Defendants or enforce the confessions of judgment.

The settlement agreement also includes a mutual general release.  (Ex. A ¶4)  Several courts in this Circuit have approved FLSA settlement agreements with general releases if the releases are mutual.  *See, e.g.*, *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 U.S. Dist. LEXIS 77372, *10-*11, 2016 WL 3440554 (S.D.N.Y. June 10, 2016) (approving mutual general release)  *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 13-CV-5008 (RJS), 2016 U.S. Dist. LEXIS 12871, *5, 2016 WL 922223 (S.D.N.Y. Feb. 3, 2016) (same)..  Here, the release is mutual and was negotiated as part of settlement with representation by counsel. (Ex. A ¶4)

The agreement also contains a mutual non-disparagement provision, which contains a carve-out stating that it does not preclude any party from "discussing or disclosing the facts alleged in this litigation, any factual or legal positions taken by the parties that relate to the allegations in

---

[1] The right to reinstate the action expires upon payment of the first 33 installment payments.

50714950;1

Hon. Valerie E. Caproni
November 8, 2019

this litigation, or this settlement." (Ex. A ¶6). Courts have approved non-disparagement provisions when they contain carve-outs for truthful statements about the litigation of the case. *See Muhammed v. NY Nash Deli & Grocery Corp.*, 18 Civ. 10233 (PAC), 2019 U.S. Dist. LEXIS 167137, *6 (S.D.N.Y. Sept. 27, 2019)

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F.Supp.2d at 225 (*quoting Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of anticipated summary judgment motion practice or trial. Settlement at this stage avoids the need for a costly and time-consuming trial.

Hon. Valerie E. Caproni
November 8, 2019

Furthermore, the settlement agreement is the product of arm's-length bargaining between experienced counsel.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $76,378.40 from the settlement fund as attorneys' fees and costs. This represents costs plus one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and

50714950;1

Hon. Valerie E. Caproni
November 8, 2019

> writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at the rate of $450 per hour and indicated by the initials "MF."

- Joshua Androphy's regular billing rate, which is used to calculate the lodestar amount, is $400 per hour. This is his regular billing rate for matters which he bills by the hour, and is a fair rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. At his departure from Olshan Frome Wolosky his regular billing rate was $450 per hour. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. Androphy's work is indicated by the initials "JA."

- Work performed by paralegals is billed at $100 per hour and indicated by the initials "PL."

The lodestar amount for Plaintiffs' attorneys' fees is $35,010.00 in fees, plus $2,067.60 in costs. A copy of Plaintiffs' attorneys billing records is annexed hereto as Exhibit B. It is fair and reasonable for Plaintiffs' attorneys to receive one-third of the total settlement amount. Plaintiffs' attorneys and their staff will still have to devote additional time to this matter after the Court

Hon. Valerie E. Caproni
November 8, 2019

approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount. Moreover, reducing the amount of the settlement that goes to Plaintiffs' attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount. It also would create a disincentive to early settlement, and instead create an inventive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions that can be resolved. *See Hyun*, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("the Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate")(quoting *McDaniel v. City of* Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)). Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences, in order to add to their billable fees. This would be an outcome that disserves the plaintiffs, the defendants, and the Court.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved. However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiffs' attorneys from that proposed herein, the parties and Plaintiffs' attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiffs' attorneys that the Court deems appropriate.

50714950;1

Hon. Valerie E. Caproni
November 8, 2019

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Joshua S. Androphy
Joshua S. Androphy, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:   Jeffrey A. Kimmel
      Paul J. Rutigliano
      *Attorney for Defendants*

50714950;1