USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/27/2019

## SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER OF ALL CLAIMS

This Settlement Agreement, General Release and Waiver of All Claims ("Agreement"), is made this __ day of December, 2019, by and between plaintiffs Bilelio Villatoro, Daniel Silva Garcia a/k/a Apolinar Silva, Gerardo Perez and Victor Hugo Casarrubias Bustamante (collectively, the "Plaintiffs"), on the one hand, and defendants The Hummus & Pita Company, Inc., The Hummus & Pita Company Franchising LLC, Hupico LLC ("Hupico"), Janice Axelrod, David Pesso and Steven Pesso (collectively, the "Defendants"), on the other hand.

### WITNESSETH:

**WHEREAS**, an action was commenced on or about September 1, 2017, by Plaintiffs Villatoro and Garcia against Defendants in the United States District Court for the Southern District of New York, Case No. 17-cv-06701 (VEC) (the "Villatoro Lawsuit") asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, an action was commenced on or about October 31, 2018, by Plaintiffs Perez and Bustamante against Defendants in the United States District Court for the Southern District of New York, Case No. 18-cv-10108 (VEC) (the "Perez Lawsuit") asserting claims under the FLSA and NYLL;

**WHEREAS**, on June 21, 2019, the Court issued an Order consolidating the Villatoro Lawsuit and the Perez Lawsuit under the docket of the Villatoro Lawsuit (the "Consolidated Lawsuits") (ECF Doc. No. 62);

**WHEREAS**, Defendants dispute the issues of liability and damages in the Consolidated Lawsuits;

**WHEREAS**, Plaintiffs and Defendants (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims that may exist between them;

**NOW, THEREFORE**, for, and in consideration of, the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement**.

   A. Defendant Hupico shall cause to be delivered, in full and final settlement of Plaintiffs' claims in the Consolidated Lawsuits, the sum of Two Hundred Twenty Five Thousand Dollars and Zero Cents ($225,000.00) (the "Settlement Sum") in accordance with the following and <u>Exhibit A</u> attached hereto. The Settlement Sum shall be paid as follows:

   i. within thirty (30) days of the Effective Date, as that term is defined in Paragraph 13(C) of this Agreement, Defendant Hupico, as set forth in <u>Exhibit A</u>, shall deliver checks representing the initial payment to Michael Faillace &

Associates, P.C. c/o Joshua Androphy, Esq., 60 East 42nd Street, Suite 4510, New York, New York 10165, in the total amount of Six Thousand Two Hundred and Fifty Dollars and Zero Cents ($6,250.00) (the "Initial Payment"); and

ii. Defendant Hupico shall pay a total of Two Hundred Eighteen Thousand Seven Hundred Fifty Dollars and Zero Cents ($218,750.00) in thirty-five (35) separate and equal installment payments (the "Installment Payments"), to be delivered to Michael Faillace & Associates, P.C. via checks in the amounts set forth in <u>Exhibit A</u>. The first Installment Payment is to be paid by no later than the 15th day of the month immediately after the Initial Payment (unless the Initial Payment is due before the 15th day of the month, in which case the first Installment Payment would be due on the 15th day of the month after the Initial Payment was paid), and each of the remaining thirty-four (34) Installment Payments are to be paid by no later than the 15th day of each month thereafter.

iii. Except as to the payments to Michael Faillace & Associates, P.C. for which an IRS Tax Form 1099 shall be issued, the Settlement Sum, identified above to the Plaintiffs, shall be allocated 100% to back pay and liquidated damages from which all applicable federal, state and local taxes and other lawful payroll deductions will be deducted, and for which an IRS Tax Form W-2 shall be issued, to each of the Plaintiffs. ~~As a condition of receiving any portion of the Settlement Sum, Plaintiffs must provide to Defendants a valid Social Security Number and/or a valid Tax Identification Number. For the avoidance of doubt, Plaintiffs shall not be entitled to receive any portion of their respective Settlement Sum unless and until they provide Defendants with the foregoing information, and Defendants shall not be obligated to release any portion of the Settlement Sum due to any Plaintiff that does not provide such information.~~ Nothing herein shall delay payment to any Plaintiff who does provide such information, or to Michael Faillace & Associates, P.C.

B. Plaintiffs acknowledge and agree that, except as expressly provided in paragraph 1(A) above, Plaintiffs are not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiffs.

C. Plaintiffs further acknowledge and agree that (i) this settlement may result in taxable income to Plaintiffs under applicable federal, state and local tax laws; (ii) Defendants are providing no tax, accounting or legal advice to Plaintiffs, and make no representations regarding any tax obligations or tax consequences on Plaintiffs' part relating to or arising from this Agreement; (iii) Plaintiffs shall be solely responsible for all of their tax obligations, including, without limitation, all federal, state and local taxes, and Plaintiffs shall not seek any indemnification from Defendants with respect thereto; (iv) Plaintiffs have been advised that Defendants must comply with their obligations to make reports of such taxable income to the

appropriate federal, state and local tax authorities, and issue IRS Forms W-2, as appropriate; and (v) Plaintiffs shall cooperate and provide information to Defendants, as reasonably necessary, to allow Defendants to comply with all applicable federal, state and local tax laws.

   D. As security for the Settlement Sum, Defendants The Hummus and Pita Company, Inc. and Hupico LLC shall each execute a Confession of Judgment in the amount of One and a Half times (1.5x) any remaining balance of the Settlement Sum not previously paid to Plaintiffs in the form annexed as **Exhibit B**. If Defendants breach their obligations to make any payments in a full and timely manner according to the schedule of payments set forth in paragraph 1(A) above, Plaintiffs shall provide written notice to Defendants' Counsel by email at jeffrey.kimmel@akerman.com and by certified mail, allowing for an opportunity to cure the breach within ten (10) business days from the date that the notice is received. In the event Defendants do not cure any such breach with the ten (10) business days after receipt of the notice, such failure shall constitute a material breach of this Agreement and all outstanding Settlement Sum payments shall be deemed accelerated and due and owing, and Plaintiffs may file and execute upon the Confessions of Judgment, without further notice, against The Hummus & Pita Company, Inc. and Hupico LLC, in the United States District Court for the Southern District of New York, for One and a Half times (1.5x) the outstanding Settlement Sum balance at the time of breach, less any payments that were already made under this Agreement or, instead of filing and executing upon the Confessions of Judgment, Plaintiffs may elect to reinstate the Consolidated Lawsuits against all Defendants, except Plaintiffs may not do so if any such payment default under this Agreement occurs after Plaintiffs have received thirty-three (33) installment payments of the Settlement Sum (which includes the Initial Payment). For the avoidance of doubt, Plaintiffs shall not be permitted to file the Confessions of Judgment and reinstate the Consolidated Lawsuits in the event that a payment default under this Agreement is not cured; rather, Plaintiffs will have the option to choose which form of recourse they may pursue upon an uncured payment default. Furthermore, if an uncured payment default occurs after thirty-three (33) installment payments (which includes the Initial Payment) have been made under this Agreement, Plaintiffs shall not be permitted to reinstate the Consolidated Lawsuits and may only seek recourse for such default under the Confessions of Judgment. If Plaintiffs elect to reinstate the Consolidated Lawsuits upon a payment default, Defendants shall be entitled to an offset of any payments made to Plaintiffs under this Agreement against any damages Plaintiffs may recover in any reinstatement of the Consolidated Lawsuits. By agreeing to provide Plaintiffs the option to reinstate the Consolidated Lawsuits upon an uncured payment default, Plaintiffs acknowledge and agree that Defendants shall be permitted to raise any and all defenses to the claims asserted in the Consolidated Lawsuits should Plaintiffs elect to reinstate the Consolidated Lawsuits. The Confessions of Judgment given hereunder do not constitute a penalty or forfeiture under the substantive law of contract of the State of New York.

   2. **Dismiss Consolidated Lawsuits with Prejudice**. For and in consideration of the Settlement Sum detailed in paragraph 1(A) of this Agreement, which Plaintiffs acknowledge to be sufficient consideration to support this Agreement, Plaintiffs shall withdraw, in writing, and secure the dismissal with prejudice, of all complaints, suits, actions, charges, claims, and/or proceedings they have instituted against Defendants, including, but not limited to, the Consolidated Lawsuits. Plaintiffs hereby warrant that they have not filed or caused to be filed, and are not presently a party to any charge, complaint, appeal, suit, action, allegation, claim

and/or proceeding against Defendants in any form or forum other than the Consolidated Lawsuits, which they agree to dismiss with prejudice. To that end, Plaintiffs authorize their counsel to execute a Stipulation of Dismissal and Order, in the form set forth hereto as <u>Exhibit C</u>, and to cooperate with Defendants as required in ensuring the dismissal of the Consolidated Lawsuits with prejudice, including, but not limited to, obtaining the Court's approval of the within settlement as fair and reasonable. The Stipulation of Dismissal and Order shall provide for dismissal with prejudice unless the Consolidated Lawsuits are reinstated pursuant to Paragraph 1(D) and that the Court continues to retain jurisdiction over the Consolidated Lawsuits for purposes of reinstatement as set out in paragraph 1(D)

   3. **No Admissions**. This Agreement does not constitute an admission by any of the Parties of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States, and Defendants expressly deny any such violation or liability. This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

   4. **Release**. In consideration of the Plaintiffs' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Sum, Plaintiffs, with the intention of binding their heirs, beneficiaries, trustees, administrators, executors, and assigns, hereby irrevocably and unconditionally release, waive and forever discharge Defendants, as well as their past and present officers, directors, members, shareholders, employees, predecessors, successors, assigns and legal representatives, from and against any and all wage and hour claims that were, or could have been, asserted under federal or state laws by Plaintiffs in the Consolidated Lawsuits, through the date this Agreement is approved by the Court. The Released Claims include, but are not limited to, all claims under Federal or New York State laws for minimum or overtime wages, unreimbursed expenses, spread of hours, all claims for gratuities under NYLL § 196-d, NYLL § 195 penalties, all related derivative benefit claims (both ERISA and non-ERISA benefits), or any other wage and hour claims that could have been asserted in the Consolidated Lawsuits, including, without limitation, all claims for restitution and other equitable relief, liquidated damages, penalties, interest or attorneys' fees. The Released Claims include, but are not limited to, any and all claims under the NYLL, Article 6, § 191 (Frequency of payments); § 192 (Cash payment of wages); § 193 (Deductions from wages); § 195 (Notice and record-keeping requirements); § 196-d (Gratuities); § 198-c (Benefits or wage supplements); § 198-d (Posting regulations on illegal wage deductions) and any claim under Article 19, § 605 et seq. of the NYLL for a claim of minimum wage or overtime and other provisions including the supporting state regulations and New York Minimum Wage Orders, 12 NYCRR §§ 146, et seq. The Released Claims further include any and all claims under the FLSA, 29 U.S.C. §§ 201 et seq. and applicable federal regulations for minimum wage, overtime, retaliation, reimbursed expenses, tips, gratuities, liquidated damages, penalties, interest, and attorneys' fees.

   Notwithstanding the foregoing, the Plaintiffs shall have the right to reinstate the Consolidated Lawsuits if the conditions set forth in Paragraph 1(D) are met. The releases set forth herein shall be inoperative in the event that Plaintiffs reinstate the Consolidated Lawsuits pursuant to Paragraph 1(D), solely as it concerns any claims that Plaintiffs have asserted in the Consolidated Lawsuits.

The Plaintiffs agree that they will not recover upon, or otherwise enforce or accept monies from any judgment, decision or award upon any claim released by them in this paragraph 4.

This Agreement and the release and discharge contained in this paragraph 4 shall also apply to the Defendants' insurers, their past and present contractors, officers, directors, members, attorneys, agents, servants, representatives, employees, affiliates, partners, predecessors and successors in interest and assigns.

5. **Press Contacts/Publicity**. Plaintiffs' counsel, Michael Faillace & Associates, P.C., shall not contact the press or general media, or utilize any social media, regarding the Consolidated Lawsuits or this Agreement. As used herein, "the press or general media" shall refer to and include newspapers, periodicals, magazines, online publications, and television and radio stations and programs, and any representative of the foregoing. As used herein, "social media" shall refer to Facebook, Twitter, Instagram, Google+, YouTube, or any other similar website or mobile device application. In the event that Michael Faillace & Associates, P.C. posts or publishes any content on any social media account that it owns, operates or controls in violation of this paragraph 5, Defendants shall provide written notice to Michael Faillace & Associates, P.C. to remove such content and a failure to do so by Michael Faillace & Associates, P.C. within five (5) calendar days after such notice is sent shall constitute a breach of this paragraph 5. This paragraph 5 does not apply to Plaintiffs who may make truthful statements to any third party, but in no event may Plaintiffs make statements about Defendants that are false or defamatory.

6. **Non-Disparagement**. The Parties agree that, except as compelled by legal process or otherwise required by law, they will not make any statements, or encourage others to make any statement verbally, or in writing, that is intended to cast the other Party in a negative light or to damage the Parties' reputations, business operations, business relationships, or present or future business. A breach of this provision of this Agreement by any Party shall be deemed a material violation of this Agreement. Nothing herein shall be construed to preclude any Party from discussing or disclosing the facts alleged in this litigation, any factual or legal positions taken by the parties that relate to the allegations in this litigation, any truthful statements about Plaintiffs' experience litigating the Consolidated Lawsuits or this settlement.

7. **No Assist**. Plaintiffs represent and agree that they shall not voluntarily take any action to support, encourage or participate in any action or attempted action other than the Consolidated Lawsuits, which names, or may in any way damage the reputation of Defendants, Defendants' employees, shareholders, directors, members, or officers. If Plaintiffs are ordered or subpoenaed by order of a court of competent jurisdiction or a state or federal governmental agency, in connection with a lawsuit or proceeding which refers or relates to Defendants, Plaintiffs are not barred from revealing factual information they may be asked, but may not volunteer in any way to participate in any such lawsuit.

8. **Professional Relationship**. Plaintiffs agree that their professional relationship with Hupico has been permanently and irrevocably severed. Plaintiffs agree that neither Hupico nor any affiliated entities of Hupico (including all of the Defendant-entities), whether in the State of New York or any other State, shall have any obligation at any time in the future to employ any

Plaintiff or enter into any other type of professional or business relationship with any Plaintiff. Plaintiffs agree that they will not seek employment or any other professional or business relationship with Hupico or any affiliated entities of Hupico (including all of the Defendant-entities), whether in the State of New York or any other State. Plaintiffs further agree that if any of the Plaintiffs seek employment or any other arrangement with Hupico or any affiliated entities of Hupico (including the Defendant-entities), whether in the State of New York or any other State, under which Plaintiffs would receive compensation for services performed by Plaintiffs, a rejection by Hupico or any affiliated entities of Hupico (including the Defendant-entities) whether in the State of New York or any other State, of any application or inquiry of Plaintiffs will not constitute a violation of this Agreement or a violation of law in any manner whatsoever.

9. **Forfeiture**. In the event that any Plaintiff is in material breach of this Agreement as determined by a court or other forum of competent jurisdiction, including but not limited to a breach of paragraphs 4 or 6-7 (or Plaintiffs' counsel as to paragraph 5), the breaching Plaintiff (or Plaintiffs' counsel) shall forfeit their portion of the Settlement Sum.

10. **Attorneys' Fees**. The prevailing party of any lawsuit brought alleging a breach of the within Agreement shall be entitled to recovery from the non-prevailing party, as determined by a court of competent jurisdiction, of the prevailing party's costs and expenses incurred in connection with such lawsuit, including reasonable attorneys' fees.

11. **Lack of Duress**. The Parties represent and warrant that they have each read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

12. **No Representations**. The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

13. **Review and Understanding of Agreement**.

    A. The Parties to this Agreement represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions and legal effect of this Agreement.

    B. Plaintiffs acknowledge that before signing this Agreement, they were given sufficient, and reasonable, time to review and consider it; Plaintiffs have, in fact, carefully reviewed this Agreement; and Plaintiffs are entering into it voluntarily and of their own free will.

    C. The date upon which this Agreement becomes effective (the "Effective Date") shall mean the day the Court enters a written Order granting final approval of the

settlement. If the Court does not approve this Agreement, the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement addressing the issues raised by the Court. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the Consolidated Lawsuits will proceed as if no settlement had been attempted, and Defendants retain the right to contest the merits of the claims being asserted by Plaintiffs in the Consolidated Lawsuits, and nothing set forth in this Agreement shall be permitted to be used by any Party against the other.

14. **Warranty of Capacity to Execute Agreement**. The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiffs have the sole right and exclusive authority to receive the Settlement Sum; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

15. **Entire Agreement**. This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. This Agreement may not be changed orally, and no modification, amendment or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

16. **Severability**. If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect. Provided, however, that if paragraph 4 above is held to be illegal, void or unenforceable, Plaintiffs agree to promptly execute valid releases and waivers in favor of Defendants.

17. **Counterparts**. This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument. Facsimile or scan copies of signatures shall be deemed originals.

18. **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions. Any action or proceeding between the Parties shall be commenced only in the state or federal courts located in the State of New York, County of New York, and Plaintiffs and Defendants hereby submit to the exclusive jurisdiction of the state and/or federal courts located in the State of New York, County of New York.

19. **Successors and Assigns**. This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

20. **Assignment**. Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.

21. **Waiver**. No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.

22. **Headings**. All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

23. **Miscellaneous Provisions**.

    a.  The recitals to this Agreement are hereby deemed incorporated into this Agreement.

    b.  Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

24. **Notices**. Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if emailed and mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiffs:

        Joshua Androphy, Esq.
        Michael Faillace & Associates, P.C.
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Tel: (212) 317-1200
        Email: jandrophy@faillacelaw.com

If to Defendants:

        Jeffrey Kimmel, Esq.
        Akerman LLP
        666 Fifth Avenue, 20th Floor
        New York, New York 10103
        Tel: (212) 880-3800
        Email: jeffrey.kimmel@akerman.com

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

Bilelio Villatoro

*/s/ Bilelio Villatoro/*

DATED: December 5, 2019


Daniel Silva Garcia a/k/a Apolinar Silva

*/s/ Daniel Silva G./*

DATED: December 6, 2019

Gerardo Perez

*/s/ Gerardo P./*

DATED: December 6, 2019


Victor Hugo Cassarubias Bustamante

*/s/ Hugo Cassarubias/*

DATED: December 6, 2019

The Hummus & Pita Company, Inc.

By: _____
Title: _____

DATED: December ___, 2019

Hupico LLC

By: _____
Title: _____

DATED: December ___, 2019

Page **9** of **10**

The Hummus & Pita Company Franchising LLC

By: _____
Title: _____

DATED: December __, 2019

Janice Axelrod

_____

DATED: December __, 2019

David Pesso

_____

DATED: December __, 2019

Steven Pesso

_____

DATED: December __, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.
As to Paragraph 5 only
Signature: _____
By: _Michael Faillace_
Title: _Attorney_

DATED: December 6, 2019

Page 10 of 10

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

Bilelio Villatoro

_____

DATED: December ___, 2019

Daniel Silva Garcia a/k/a Apolinar Silva

_____

DATED: December ___, 2019

Gerardo Perez

_____

DATED: December ___, 2019

Victor Hugo Cassarubias Bustamante

_____

DATED: December ___, 2019

The Hummus & Pita Company, Inc.

By: *Janice Axelrod*
Title: *Owner - President*

DATED: December 5, 2019

Hupico LLC

By: *Janice Axelrod*
Title: *Owner - President*

DATED: December 5, 2019

The Hummus & Pita Company Franchising LLC

By: *Janice Axelrod*
Title: President-Owner

DATED: December 5, 2019

Janice Axelrod

*Janice Axelrod*

DATED: December 5, 2019

David Pesso

*David Pesso*

DATED: December 5, 2019

Steven Pesso

*Steven Pesso*

DATED: December 5, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.
As to Paragraph 5 only

Signature: _____

By: _____
Title: _____

DATED: December __, 2019

Because the parties have agreed to strike the language in paragraph 1.A.iii pertaining to Plaintiffs' provision of a social security number or taxpayer identification number, and for the reasons previously stated by the Court, *see* Dkts. 83, 87, the proposed settlement agreement is hereby approved as fair and reasonable, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The Clerk of Court is respectfully directed to terminate all pending deadlines and motions and close both 17-CV-6701 and 18-CV-10108.

SO ORDERED.                Date: 12/27/2019                Page **10** of **10**

*Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE